Wagner v Wagner (2026 NY Slip Op 01867)

Wagner v Wagner

2026 NY Slip Op 01867

Decided on March 26, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 26, 2026

Before: Manzanet-Daniels, J.P., Scarpulla, Kapnick, Higgitt, Rosado, JJ. 

Index No. 365018/22|Appeal No. 6226|Case No. 2025-04769|

[*1]Leesa Wagner, Plaintiff-Respondent,
vLeon Wagner, Defendant-Respondent. Harry Wagner etc., Nonparty-Appellant,

Farrell Fritz, P.C., Uniondale (Eric W. Penzer of counsel), for appellant.
Hasapidis Law Offices, Scarsdale (Annette G. Hasapidis of counsel), for Lessa Wagner, respondent.

Order, Supreme Court, New York County (Ta-Tanisha D. James, J.), entered November 15, 2024, which denied the motion of Harry Wagner, as Trustee of the Leon Wagner 2011 Trust Number 1 (Wagner Trust) for summary judgment declaring that the assets of the Willett Family 2012 Trust (Willett Trust) constituted neither "marital property" of the parties nor plaintiff's "separate property," declaring that the Willett Trust had terminated in accordance with its provisions, and directing that Hal Shapiro, trustee of the Willett Trust, turn over the assets of the Willett Trust to the Wagner Trust, unanimously affirmed, with costs.
The court properly found that there are triable issues of fact because the provisions of the Willett Trust agreement and the prenuptial agreement are in conflict. The prenuptial agreement defines the Willet Trust as plaintiff's "separate property" and provides at paragraph 16.5 that questions regarding the rights that each party may have to the property of the other must be resolved pursuant to that agreement. However, the Willett Trust agreement has a termination provision that provides for disgorgement of Leesa's "separate property" to the Wagner Trust under stated conditions. Summary judgment is not appropriate under these circumstances, as it will be necessary to harmonize these documents or determine which document controls.
We have considered Wagner Trust's remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 26, 2026